**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:20CV-P109-JHM**

**THELESTER WASHINGTON**                                                                 **PLAINTIFF**

**v.**

**AUSTIN MADDEN *et al.***                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thelester Washington filed a *pro se* 42 U.S.C. § 1983 complaint proceeding *in forma pauperis*. This matter is before the Court upon initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss one of the Defendants, allow Plaintiff to amend his complaint, and order him to provide additional information concerning the state charges against him.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, a pretrial detainee at the Hopkins County Jail, sues Madisonville Police Department Officers Austin Madden and Keelin and Hopkins County District Judge W. Whitledge. He sues Defendants in their official capacities only.[1]

Plaintiff states that on November 11, 2019, his vehicle was stopped by police and he was arrested. He reports that he was not informed what his charges were when he was arrested but that he found out the next day at a court appearance that he was charged with assault, wanton endangerment, menacing, felon in possession of a handgun, trafficking of a controlled substance, and possession of drug paraphernalia. Plaintiff states that Defendant Keelin lied when presenting the case to a judge for a search warrant of his residence. He reports that the search warrant was

---

[1] The Court notes that Plaintiff writes "Seal" on page 4 of his complaint form. However, if Plaintiff wishes for any filing to be sealed, he must file a motion to seal and explain why he believes the filing should be sealed.

issued by Defendant Whitledge. He states that police recovered items not specified in the original warrant. He states that Defendant Madden "retrieved and was granted a second warrant from [Defendant Whitledge] on said items recovered from first warrant." He asserts that Defendant Whitledge violated his Fourth Amendment rights "by grant[ing] the second warrant allowing a illegal search and seizure as a judge being knowledgeable of the Constitution and its amendments." He also maintains that Defendant Madden violated his Fourth Amendment rights by pursuing the second warrant and by executing the first warrant.

As relief, Plaintiff seeks compensatory and punitive damages and "release from wrongful imprisonment."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58

F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. Defendant Whitledge

Plaintiff sues Defendants in their official capacities only.  "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Defendant Whitledge is a state official.  Claims brought against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky.  *Id*.  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  For these reasons, Plaintiff's official-capacity claim for monetary damages against Defendant Whitledge must be dismissed.

Plaintiff seeks injunctive relief in the form of release.  However, release is not an available form of relief under § 1983.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Therefore, Plaintiff's official-capacity claim for injunctive relief against Defendant Whitledge must also be dismissed.

Even if Plaintiff had sued Defendant Whitledge in his individual capacity, the claim would still be subject to dismissal. Judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Plaintiff alleges that Defendant Whitledge violated his rights in signing two search warrants. Thus, Plaintiff's complaint against Defendant Whitledge relates only to actions he took in his judicial capacity and within his jurisdictional authority. Consequently, an individual-capacity claim against Defendant Whitledge would be barred by judicial immunity and would be dismissed.

**B. Defendants Madden and Keelin**

The Court construes Plaintiff's official-capacity claims against Defendants Madden and Keelin as brought against their employer, the City of Madisonville. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second issue, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim, a plaintiff must "identify the policy, connect

the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body [or entity] under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of the City of Madisonville which caused his alleged harm. The complaint alleges actions affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). Accordingly, Plaintiff's official-capacity claims will be dismissed for failure to state a claim upon which relief may be granted.

However, before dismissing the action on this basis, the Court will allow Plaintiff to file an amended complaint suing Defendants Madden and Keelin in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

In addition, Plaintiff alleges Fourth Amendment claims for illegal search and seizure under § 1983. The U.S. Supreme Court has held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007).  In light of *Wallace v. Kato*, if Plaintiff has a criminal case stemming from his allegations that is still pending, it may be necessary for the Court to stay the instant action until completion of the criminal matter.  Alternatively, if Plaintiff has been convicted of the charges which he claims were brought illegally, his claims may be barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Accordingly, in order to complete the initial review of the action pursuant to § 1915A, the Court will order Plaintiff to provide additional information concerning his charges.

## IV.  ORDER

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to § 1915A(b)(2) for seeking monetary damages from a Defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** suing Defendants Madden and Keelin in their individual capacities.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on page 2 of Plaintiff's § 1983 complaint form (DN 1) and send it to Plaintiff for his use.

**IT IS FURTHER ORDERED** that within **30 days** of the entry date of this Memorandum Opinion and Order, **Plaintiff shall advise this Court in writing as to the status of the criminal charges** against him. Specifically, Plaintiff must state all charges filed against him arising out of the incident that is the subject of this lawsuit and, for all charges, state whether the charges have been dismissed, are still pending, or whether he has been convicted.

**Plaintiff is WARNED that failure to comply with this Memorandum Opinion and Order within 30 days will result in dismissal of the action for the reasons stated herein**.

Date:   November 30, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.010

7